IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

L. MCGREGOR,

    *Plaintiff,*

vs.

Case No. 09-CV-02036-EFM-GLR

EMPLOYMENT SECURITY BOARD OF
REVIEW FOR THE STATE OF KANSAS,

    *Defendant.*

**MEMORANDUM AND ORDER**

    Plaintiff, L. McGregor, proceeding pro se, has filed suit against Defendant, Employment Security Board of Review for the State of Kansas ("Board"), alleging that Defendant violated her due process rights and seeking review of Defendant's ruling affirming the denial of her claim for extended unemployment benefits under the Emergency Unemployment Compensation Act of 2008. Before the Court is Defendant's Motion to Dismiss or In The Alternative For Summary Judgment (Doc. 10). Defendant seeks dismissal of this case on the grounds that the Court lacks subject matter jurisdiction, there was insufficient service of process, and Plaintiff has failed to state a claim for relief. For the following reasons, the Court grants Defendant's motion.

## I. BACKGROUND

On June 30, 2008, Congress enacted the Emergency Unemployment Compensation Act of 2008 ("Act").[1] Under the Act, participating states, through the applicable state agency, are to provide emergency unemployment compensation to individuals that qualify. States are entitled to 100% reimbursement from the federal government for the compensation they provide pursuant to the Act.

Sometime in 2008, Plaintiff, an unemployed Olathe, Kansas resident, filed a claim for extended unemployment benefits under the Act. Her claim was denied. In the letter denying her claim, the examiner stated that she did not have enough insured wages to qualify for extended benefits. Apparently, the examiner based their decision upon K.S.A. § 44-704, a Kansas statute that sets forth the standard for determining whether someone qualifies for extended benefits.

Believing that the examiner had applied the wrong law, Plaintiff appealed the denial. A hearing on Plaintiff's appeal was held by an unemployment insurance judge on December 4, 2008. According to Plaintiff, during the hearing, the judge only addressed the question of whether Plaintiff qualified for extended benefits under K.S.A. § 44-704; he did not address Plaintiff's contention that K.S.A. § 44-704 did not set forth the proper standard for determining whether a claimant qualified for extended benefits under the Act. On December 10, 2008, the judge issued an order affirming the denial of Plaintiff's claim.

After the unemployment insurance judge rendered his decision, Plaintiff filed an appeal with the Board, a three-member body with quasi-judicial authority that has the authority to hear appeals

---

[1]Pub. L. No. 110-252 § 4001, Title IV, 122 Stat. 2323, 2353-57 (2008) (codified as 26 U.S.C. § 3004).

and proscribe rules of procedure.[2] On January 7, 2009, the Board issued its ruling, which affirmed the unemployment insurance judge's decision and advised Plaintiff of her right to appeal its decision to a district court. The Board decided Plaintiff's appeal without a hearing.[3]

Sixteen days after the Board issued its ruling, Plaintiff filed the present action in this Court. In her complaint, Plaintiff alleges that Defendant violated 42 U.S.C. § 1983 by failing to provide her due process and fair treatment under the Fourteenth Amendment. According to Plaintiff, due process mandates that some sort of hearing be held at the review board level. In addition to her due process claim, Plaintiff also asks the Court to review Defendant's ruling affirming the unemployment insurance judge's decision. Plaintiff seeks the following forms of relief: "damages and the costs of the above action and for her benefit amount and for the losses she has sustained without her benefits."

After filing her suit, Plaintiff did not serve Defendant within the required 120 days. As a result, Magistrate Judge Rushfelt ordered Plaintiff to show good cause why her complaint should not be dismissed. On July 17, 2009, in an attempt to show good cause, Plaintiff filed a response to Judge Rushfelt's order. In her response, Plaintiff claimed that she had failed to serve Defendant because she believed that the Court's administration would serve the Board. She also stated that she been very ill. In support of her claims, Plaintiff provided the Court with extensive documentation. In addition to filing a response, she mailed Defendant a copy of the summons and complaint.

On August 6, 2009, Defendant filed a motion to dismiss for lack of subject matter jurisdiction, failure to state a claim, and insufficient service of process. In the alternative, Defendant

---

[2]*See* K.S.A. § 44-709.

[3]In a letter mailed to the Board, Plaintiff requested that the Board afford her a hearing on the matter.

sought summary judgment on Plaintiff's § 1983 claim. Because the Court finds that it lacks subject matter jurisdiction to hear this case, the Court grants Defendant's motion without addressing its other arguments.[4]

## II. Legal Standards

**Subject Matter Jurisdiction**

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[5] "A case arises under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[6] The plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[7] Mere allegations of jurisdiction are not enough.[8]

Federal district courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[9] The law imposes a presumption against jurisdiction, and the plaintiff bears the burden of showing that jurisdiction is proper.

---

[4]*See, e.g., Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (stating that if a court lacks jurisdiction over an action, it "is incapable of reaching a disposition on the merits of the underlying claims").

[5]28 U.S.C. § 1331.

[6]*Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[7]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[8]*Id.* at 798.

[9]*Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (citation omitted).

**Pro Se Standards**

Because Plaintiff is pursuing this action pro se, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[10] However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[11] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[12]

### III. Analysis

Plaintiff has brought a due process claim against Defendant seeking damages. According to Plaintiff, Defendant violated her procedural due process rights by failing to provide her a hearing before deciding her appeal. Defendant asserts that this Court lacks subject matter jurisdiction to hear this claim because it is a state entity, and, as such, is entitled to Eleventh Amendment immunity. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."[13] "This immunity from suit extends to [a] state's agencies and officers."[14] To determine whether an entity qualifies for Eleventh Amendment immunity, the Court considers four primary factors.[15]

---

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Id.*

[12] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[13] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). The two primary exceptions are that Congress has abrogated the state's immunity or the state has waived it. *Id.* at 1181.

[14] *Rouse v. Colo. State Bd. of Parole*, 242 Fed. Appx. 498, 500 (10th Cir. 2007) (citing *Mt. Healthy City Sch. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).

[15] *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007).

> First, [the Court] assess[es] the character ascribed to the entity under state law. Simply stated, [the Court] conduct[s] a formalistic survey of state law to ascertain whether the entity is identified as an agency of the state. Second, [the Court] consider[s] the autonomy accorded the entity under state law. This determination hinges upon the degree of control the state exercises over the entity. Third, [the Court] stud[ies] the entity's finances. Here, [the Court] look[s] to the amount of state funding the entity receives and consider[s] whether the entity has the ability to issue bonds or levy taxes on its own behalf. Fourth, [the Court] ask[s] whether the entity in question is concerned primarily with local or state affairs. In answering this question, [the Court] examine[s] the agency's function, composition, and purpose.[16]

After considering the aforementioned factors, the Court concludes that Defendant is a state entity that is entitled to Eleventh Amendment immunity.[17] Defendant is the product of state law,[18] two of its three members are nominated by the Governor and appointed by the Senate,[19] it lacks the ability to issue bonds or levy taxes on its own behalf, its members' compensation is paid from the employment security administration fund, a special fund of the state treasury,[20] and it is concerned with resolving state, not local, affairs. Therefore, because the Board is a state entity entitled to Eleventh Amendment immunity, and there is no indication that this immunity has been waived or abrogated, the Court finds that it lacks jurisdiction to entertain Plaintiff's due process claim as it has been pled.

Apparently in anticipation of the finding that the currently named Defendant is immune from her due process claim, Plaintiff asks in her response for leave to amend her complaint so that she can

---

[16] *Id.* (internal citations omitted).

[17] In the present case, Plaintiff has not challenged Defendant's assertion that it is a state entity. In fact, Plaintiff states in her complaint that Defendant is a state agency.

[18] *See* K.S.A. § 44-709(f)

[19] *See Steadfast Ins.*, 507 F.3d at 1254 (noting the fact that the majority of the state board's members are appointed by the Governor when evaluating factor two).

[20] *See* K.S.A. § 44-716(a).

name either the Secretary of the Kansas Department of Labor or the Board's members as defendants. Despite the fact that this request was made in a response to a dispositive motion, as opposed to in a properly filed motion praying for the relief requested, the Court may nevertheless consider it.[21] Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave shall be freely given when justice so requires." However, a court may deny leave when there is a showing of "undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[22] An amendment is futile if it would not survive a summary judgment motion.[23]

Here, Plaintiff's request should be denied for two reasons. First, even with the proposed amendments, Plaintiff's due process claim would not survive a motion for summary judgment. Plaintiff cannot establish a due process violation because she did not take advantage of the available state remedies. To be sure, a plaintiff need not exhaust their state remedies when such remedies are unavailable or patently inadequate.[24] However, when the remedies are available and are adequate, they must be utilized.[25] K.S.A. § 44-709 provides an unemployment claimant with multiple levels

---

[21]*See Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 790 n.9 (10th Cir. 1998).

[22]*Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993).

[23]*See, e.g., E.Spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004).

[24]*See, e.g., Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

[25]*See Santana v. City of Tulsa*, 359 F.3d 1241, 1244 (10th Cir. 2004); *Alvin*, 227 F.3d at 116; *N.Y. State Nat.'l Org. For Women v. Pataki*, 261 F.3d 156, 169 (2d Cir. 2001); *Correa v. Nampa Sch. Dist. No. 131*, 645 F.2d 814, 817 (9th Cir. 1981); *see also Wax'n Works v. City of St. Paul*, 213 F.3d 1016, 1020 (8th Cir. 2000) ("Under federal law, a litigant asserting a deprivation of procedural due process must exhaust state remedies before such an allegation states a claim under section 1983."); *Flint Elec. Membership Corp. v. Whitworth*, 68 F.3d 1309, 1313 (11th Cir. 1995) (per curiam), *modified*, 77 F.3d 1321 (11th Cir. 1996) (per curiam) ("[A] procedural due process violation is not complete 'unless and until the State fails to provide due process.' In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." (quoting *McKinney v. Pate*, 20 F.3d

of review: first, a claimant can appeal an examiner's decision to an unemployment insurance judge; second, a claimant can appeal an unemployment insurance judge's decision to the Board; third, a claimant can appeal the Board's decision to a Kansas district court. This Court has already determined that the remedies afforded to unemployment claimants under K.S.A. § 44-709 are sufficient to satisfy the requirements of due process.[26] Therefore, in order for Plaintiff to claim that her procedural due process rights were violated, she must have first availed herself of the remedies set forth in K.S.A. § 44-709. In her briefing, Plaintiff concedes that she did not appeal the Board's decision to a Kansas district court. As a result, she fails to state a due process claim.

Second, Plaintiff has unduly delayed in naming the Secretary and Board members as defendants, as she has waited eight months to move to do so and has provided no explanation for the delay.[27] Therefore, for the reasons stated above, the Court denies her request to amend.

In addition to seeking relief for alleged violations of her right to procedural due process, Plaintiff is also asking for a review of the Board's determination that she is not eligible for extended benefits under the Act. In the past, courts in this Circuit have denied such a request on the ground that the *Rooker-Feldman* doctrine precluded a federal court from reviewing administrative decisions of state agencies.[28] Recent developments in case law, though, show that the *Rooker-Feldman*

---

1550, 1557 (11th Cir. 1994))); *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 43 (1st Cir. 1994) (same). As succinctly stated by one circuit court, "[t]his rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies in the appropriate fora-agencies, review boards, and state courts' before being subjected to a claim alleging a procedural due process violation." *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc)).

[26]*See Blackford v. Kan. Employment Sec. Bd. of Review*, 938 F. Supp. 739, 741 (D. Kan. 1996).

[27]*See Louderback v. Litton Indus., Inc.*, 521 F. Supp. 2d 1179, 1184-85 (D. Kan. 2007).

[28]*See, e.g., Wilder v. Okla. Dep't of Human Servs.*, 1998 WL 255048, at *1 (10th Cir. May 19, 1998); *Bush v. Real Estate Comm'n*, 1993 WL 523198, at *1 (10th Cir. Dec. 16, 1993).

doctrine has no application in this context.[29] However, just because this doctrine does not apply here, does not necessary mean that the Court has jurisdiction to hear this appeal. To determine whether it does, the Court must also evaluate other possible jurisdictional bars, such as the Eleventh Amendment.

The Eleventh Amendment prohibits federal courts from entertaining suits where a party is suing a state, unless the state's immunity has been waived or abrogated. As established above, the Board, the named defendant, is considered a state for purposes of the Eleventh Amendment. Furthermore, there is no evidence that the state has waived its Eleventh Amendment immunity or that such immunity has been abrogated. As a result, the Court lacks jurisdiction to hear this appeal.

The Court would still lack jurisdiction even if it allowed Plaintiff to amend her complaint to name the Secretary of the Kansas Department of Labor or members of the Board as defendants because Plaintiff is seeking monetary relief, payment of extended unemployment benefits, and such relief would be paid for by the state.[30] The fact that the state would be reimbursed for the payment it made to Plaintiff is of no consequence. In *Esparza v. Valdez*[31], the Tenth Circuit rejected the notion that a state's sovereign immunity is contingent upon from where the funding for payments for retroactive unemployment compensation would come.[32] The court stated that the Eleventh

---

[29]*See, e.g., Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("The [Rooker-Feldman] doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency."); *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1207-08 (10th Cir. 2006) (same).

[30]*See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n.11 (1984) ("[A] suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain . . . .").

[31]862 F.2d 788 (10th Cir. 1988), *cert. denied*, 492 U.S. 905 (1989).

[32]*Id.* at 794. The Seventh Circuit has adopted the same view. *See Paschal v. Jackson*, 936 F.2d 940, 945 (7th Cir. 1991), *cert. denied*, 502 U.S. 1081 (1992) (holding that a claim for retroactive monetary relief against the state was barred by the Eleventh Amendment notwithstanding the segregation of funds and the fact of federal financing). The Fourth Circuit, though, has taken the opposite view. *See Brown v. Porcher*, 660 F.2d 1001, 1006-07 (4th Cir. 1981),

Amendment is concerned primarily with keeping states free from suits seeking monetary relief in federal courts, not with the financial impact that such suits may have.[33] Therefore, in light of the fact that the amendment Plaintiff proposes in her response would not alter the outcome in this case, the Court denies her request to amend.

In sum, the Court finds that it lacks jurisdiction to entertain Plaintiff's case. Because it lacks jurisdiction, the Court dismisses Plaintiff's action without prejudice.

**IT IS THEREFORE ORDERED** this 21st day of July, 2010, that Defendant's Motion to Dismiss or In The Alternative For Summary Judgment (Doc. 10) is hereby GRANTED.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

*cert denied*, 459 U.S. 1150 (1983) (over the dissent of three justices) (finding the Eleventh Amendment inapplicable in suit where the funds that would pay for retroactive unemployment compensation are special and the state has expressly protected general revenues from liability).

[33]*Esparza*, 862 F.2d at 795.